## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| ABEL E. PRADO, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:19-cv-00504 |
| VEH LLC d/b/a DISCOUNT POWER d/b/a POWER EXPRESS, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## **COMPLAINT**

NOW comes ABEL E. PRADO ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of VEH LLC d/b/a DISCOUNT POWER d/b/a POWER EXPRESS ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the TCPA.  Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. §1367, as it arises out of the same common nucleus of operative facts as Plaintiff's federal question claims.

1

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Texas.

PARTIES

4.   Plaintiff is a consumer person over 18 years-of-age residing in Ellis County, Texas, which is located within the Northern District of Texas.

5.   Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6.   Defendant is a utility company organized under the laws of the state of Texas with its principal place of business located at 5757 Woodway Drive, Suite 270, Houston, Texas. Defendant regularly conducts business with consumers in Texas.

7.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

FACTS SUPPORTING CAUSES OF ACTION

9.   For a handful of years, Plaintiff obtained energy services for his home through Defendant.

10. In late 2018, Plaintiff switched to a new energy provider, and as a result of the termination of his contract with Defendant, Defendant refunded Plaintiff the sum of money he paid in advance of receiving Defendant's services.

11. However, on December 13, 2018, Plaintiff received a call to his cellular phone, (214) XXX-3439, from Defendant.

2

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -3439. Plaintiff is and has always been financially responsible for the cellular phone and its services.

13. During this conversation, Plaintiff was informed that Defendant was seeking collection on a past due account ("subject debt").

14. Plaintiff notified Defendant that he did not owe Defendant for any purported outstanding balance, as Defendant had even refunded Plaintiff for additional payments Plaintiff had made prior to the termination of the contract.

15. Defendant acknowledged that it was only conducting an investigation and did not have definitive information that Plaintiff owed the subject debt.

16. Yet, shortly thereafter, Plaintiff received an email from Defendant, informing him that he purportedly owes $226 for unpaid services.

17. Plaintiff responded to Defendant's email, and stated that Defendant's records are erroneous and that Plaintiff does not owe the subject debt.

18. In spite of Plaintiff's efforts, Defendant continued to place calls to Plaintiff's cellular phone, and also continued to send a number of collection emails to Plaintiff.

19. On or about January 22, 2019, Plaintiff became so upset with Defendant's persistent contacts, that he sent Defendant a letter, demanding that it "stop, cease and desist from any and all future collecting activity for the above referenced account number," and to "correct [its] records and desist from trying to collect for something that legally is not owed to [it] and that [it] [does] not have the legal authority to collect."

20. Even after Plaintiff mailed this letter to Defendant, Plaintiff still continued to receive phone calls and emails from Defendant.

21. During answered calls, Plaintiff is subjected to a pre-recorded messages reminding him to submit payment.

22. During other calls, Plaintiff experiences a noticeable pause, lasting several seconds in length, before he is connected with a live representative.

23. Plaintiff has received not less than 30 phone calls from Defendant since asking it to stop calling.

24. Defendant uses various phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to: (877) 400-0232, (877) 455-4674, (877) 909-7693, (713) 423-6970.

25. Upon information and belief, the aforementioned phone numbers are regularly utilized by Defendant during its debt collection activity.

26. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

27. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

28. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

29. Plaintiff repeats and realleges paragraphs 1 through 28 as though fully set forth herein.

30. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") *or* prerecorded messages

without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

31. When placing calls to Plaintiff's cellular phone, Defendant often used prerecorded messages to remind Plaintiff to submit Plaintiff.

32. Defendant also used an ATDS in connection with its communications directed towards Plaintiff's cellular phone.  The significant pause, lasting several seconds in length, which Plaintiff has experienced during answered calls is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Defendant continuing to contact Plaintiff after he demanded that the phone calls stop further demonstrates Defendant's use of an ATDS.  Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

33. Defendant violated the TCPA by placing at least 30 phone calls to Plaintiff's cellular phone using pre-recorded messages and an ATDS without his consent. Any consent that Plaintiff *may* have given to Defendant was specifically revoked by Plaintiff's demands that it cease contacting him.

34. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

35. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, ABEL E. PRADO, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c.  Awarding Plaintiff costs and reasonable attorney fees; and

d.  Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

36.  Plaintiff restates and realleges paragraphs 1 through 35 as though fully set forth herein.

37.  Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

38.  Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

39.  The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a.  Violations of TDCA § 392.302

40.  The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

41. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone at least 30 times after he notified it to stop calling.  The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment, despite the fact that Plaintiff had no obligation with regard to the subject debt. Rather than understanding Plaintiff's situation and abiding by his wishes, Defendant continued in its harassing campaign of phone calls in hopes of extracting payment.

42. Upon being told to stop calling, Defendant had ample reason to be aware that it should not continue its harassing calling campaign.  Yet, Defendant consciously chose to continue placing systematic calls to Plaintiff's cellular phone knowing that its conduct was unwelcome.

### b.  Violations of TDCA § 392.304

43. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

44. Defendant violated the TDCA through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the lawful ability to continue contacting Plaintiff's cellular phone using an automated system absent his consent. Such lawful ability was revoked upon Plaintiff sending Defendant a letter in which Plaintiff demanded that Defendant stop calling his cellular phone, illustrating the deceptive nature of Defendant's conduct.

WHEREFORE, Plaintiff, ABEL E. PRADO, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c.  Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d.  Awarding Plaintiff  punitive damages, in an amount to be determined at trial, for the underlying violations;

e.  Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 27, 2019

Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

s/Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*
Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 581-5858 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com